**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **NATHAN Z. HUBERT,** *Plaintiff,* | § | |
| **v.** | § | **MO:26-CV-00072-DC-RCG** |
| **BP SUPPLY INC.,** *Defendant.* | § | |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

BEFORE THE COURT is Defendant BP Supply Inc.'s Motion to Dismiss. (Doc. 12).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefs and the relevant case law, the Court **RECOMMENDS** Defendant BP Supply Inc.'s Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 12).

## I. Background

This is an employment discrimination case. According to his Complaint, Nathan Z. Hubert ("Plaintiff") began working for BP Supply Inc. ("Defendant") as a delivery driver in October 2024. (Doc. 1 at 2). Plaintiff alleges during his employment he was subjected to race and disability related harassment by coworkers and supervisors. *Id.* at 8–10. Among other allegations, Plaintiff asserts a coworker directed a racial slur toward him, coworkers made comments concerning his disability, management failed to adequately respond to his complaints, he was subjected to increased discipline and reduced job duties after reporting workplace misconduct, and Defendant ultimately terminated his employment in August 2025. *Id.* at 5–8.

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

Following his termination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Docs. 1-1, 12-1). In Plaintiff's EEOC Charge, Plaintiff alleged a coworker called him the "N" word in February 2025, he reported the incident to his supervisor but no corrective action was taken; coworkers made comments regarding his disability, race, and color and "continuously harassed" him during his employment; and Defendant later terminated his employment after informing him he was a liability to the company. (Doc. 12-1 at 2). Plaintiff identified "Color, Disability, National Origin, Race, Retaliation, [and] Sex" as the bases for his Charge and asserted discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). *Id.* at 2–3. The EEOC thereafter issued Plaintiff a Notice of Right to Sue. (Doc. 1-1).

Plaintiff brings claims under Title VII and the ADA for discrimination, retaliation, and hostile work environment. (Doc. 1). On April 21, 2026, Defendant filed the instant Motion to Dismiss arguing Plaintiff failed to exhaust his administrative remedies because several claims asserted in the Complaint exceed the scope of the EEOC Charge. (Doc. 12 at 4–10). Defendant further argues Plaintiff failed to timely exhaust any hostile work environment claim predicated on the alleged February 2025 racial slur because the EEOC Charge was filed approximately one year after that incident. *Id.* at 11. Lastly, Defendant argues Plaintiff fails to state plausible claims for ADA discrimination and hostile work environment under either Title VII or the ADA. *Id.* at 12–15. Plaintiff timely filed his Response in Opposition to Defendant's Motion to Dismiss. (Doc. 13). Consequently, the instant matter is ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

Defendant first argues Plaintiff failed to exhaust his administrative remedies because several claims asserted in his Complaint exceed the scope of his EEOC Charge. (Doc. 12 at 4). Specifically, Defendant contends Plaintiff failed to exhaust his Title VII retaliation claim, ADA retaliation claim, Title VII race discrimination claim, ADA discrimination claim, and hostile work environment claims under both Title VII and the ADA. *Id.* at 6–10.

Before a plaintiff may file suit in federal court under either Title VII or the ADA, the plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC. *Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 375, 378–79 (5th Cir. 2019) (per curiam) (citing *Price v. Sw. Bell Telephone Co.*, 687 F.2d 74, 77 (5th Cir. 1982) (Title VII)); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (recognizing the ADA incorporates by reference Title VII's administrative procedures). Although exhaustion is mandatory, the Fifth Circuit has long instructed EEOC charges are to be construed with the "utmost liberality," particularly because they are often prepared by laypersons without legal assistance. *Scott v. Crosby Energy Servs.*, No. CV 19-12736, 2020 WL 2526966, at *5 (E.D. La. May 18, 2020) (quoting *Price*, 687 F.2d at 78).

Accordingly, "the scope of a discrimination lawsuit is not necessarily confined to the specific allegations in the EEOC charge." *Jones v. City of Dallas*, No. CIV.A. 99-CV-2543, 2001 WL 880366, at *3 (N.D. Tex. July 23, 2001) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465-66 (5th Cir. 1970)). Rather, a plaintiff may pursue claims "like or related to" the allegations in the charge or that can "reasonably be expected to grow out of the charge." *Crawford v. Harris Cnty. Juv. Prob. Dep't*, 31 F. App'x 159 (5th Cir. 2001) (citing *Sanchez*, 431 F.2d at 465–66); *Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 162 (5th Cir. 1971). Accordingly, the question is not whether the charge mirrors the complaint's factual detail, but whether the claims fall within the scope of the EEOC investigation that could reasonably be expected to arise from the charge. *See Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006); *Zaragoza v. Union Pac. R.R. Co.*, 606 F. Supp. 3d 427, 437 n.7 (W.D. Tex. 2022) ("EEOC charges need not be as detailed as a complaint; the charge exhausts any kind of discrimination like or related to allegations contained in the charge.") (internal citations and quotation omitted).

Applying this standard, Defendant has not established Plaintiff failed to administratively exhaust his claims. The Court addresses each argument in turn below.[2]

**1. Title VII Retaliation**

Defendant argues Plaintiff failed to exhaust his Title VII retaliation claim because the Charge does not expressly allege Defendant retaliated against Plaintiff after he complained about racial harassment. (Doc. 12 at 6). Defendant further contends allegations concerning increased

2. A court considering a motion to dismiss "may consider extrinsic documentary evidence if (1) the document is attached to a defendant's motion to dismiss, (2) the document is referred to in the plaintiff's complaint, and (3) the document is 'central' to the plaintiff's claim." *Andrade v. Teichroeb*, 341 F. Supp. 3d 681, 685 (N.D. Tex. 2018); *see Gunn v. Lane Gorman Trubitt, LLC*, No. 23-CV-2635, 2025 WL 268110, at *3 (N.D. Tex. Jan. 22, 2025) ("To determine whether a plaintiff exhausted his claims, courts look to the EEOC charge."). Here, Defendant attached the EEOC Charge to its Motion to Dismiss (Doc. 12-1); Plaintiff mentions the Charge in his Complaint (Doc. 1 at 1); and it is central to his claim because they depend on the existence and nature of his EEOC Charge.

discipline, reduced job duties, and other retaliatory conduct first appear in Plaintiff's Complaint and therefore exceed the scope of the Charge. *Id.* The Court is not persuaded by this argument.

Plaintiff's Charge alleges a coworker called him the "N" word, Plaintiff reported the incident to his supervisor, no corrective action was taken, coworkers continued to harass him during his employment, and Plaintiff was ultimately terminated. (Doc. 12-1). The Charge also explicitly identifies retaliation under Title VII as one basis for the alleged unlawful employment practices. *Id.* at 3. Although the Charge does not expressly state Plaintiff's termination occurred because he complained of racial harassment, exhaustion does not require an employee to identify every event that allegedly connects protected activity to an adverse employment action. *See Willard v. Friendswood ISD*, No. 18-CV-00233, 2019 WL 2906294, at *3 (S.D. Tex. June 11, 2019), *R. & R. adopted*, 2019 WL 2905132 (S.D. Tex. July 5, 2019) (declining to dismiss a retaliation claim for failure to exhaust where the employer argued the EEOC charge failed to describe the protected activity with specificity, explaining EEOC charges are liberally construed and need only reasonably trigger an EEOC investigation). Construed liberally, Plaintiff's allegations "could reasonably be expected to give rise to an investigation" to the underlying harassment as well as Defendant's response to Plaintiff's complaints and the circumstances surrounding his termination. *See Williams v. KS Mgmt. Servs., LLC*, No. CV 18-3800, 2020 WL 2736571, at *10 (S.D. Tex. May 26, 2020). Such an investigation could naturally encompass whether Defendant retaliated against Plaintiff after he complained of race-based harassment. *See id.* ("While Plaintiff does not . . . clearly describe retaliatory conduct, in an exercise of caution and the interests of justice, the Court will address Plaintiff's retaliation claim.").

Defendant's position appears to suggest the factual allegations in Plaintiff's Complaint and EEOC Charge must closely mirror one another—but that is not the governing standard. *See Rahman v. Cohen*, No. CIV. A. 398-CV-1179, 1998 WL 355494, at *1 (N.D. Tex. June 26, 1998). Plaintiff's Complaint merely provides additional factual detail regarding the same alleged course of conduct described in the Charge. Therefore, at this stage, the Court will construe the EEOC Charge liberally and will not dismiss Plaintiff's Title VII retaliation claim for his alleged failure to describe his claim before the EEOC with specificity. *See Williard*, 2019 WL 2906294, at *3.

Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Title VII retaliation claim for failure to exhaust be **DENIED**. (Doc. 12).

**2. ADA Retaliation**

Defendant next argues Plaintiff failed to exhaust his ADA retaliation claim because the Charge does not specifically allege Plaintiff complained about disability related harassment or Defendant later retaliated against him because of such complaints. (Doc. 12 at 7). Again, the Court is unpersuaded.

In the Charge, Plaintiff alleges coworkers made comments concerning Plaintiff's disability, Plaintiff complained to management, coworkers continuously harassed him during his employment, and Defendant ultimately terminated him. (Doc. 12-1 at 2). Plaintiff likewise specifically identified retaliation under the ADA as one basis for his Charge. *Id.* at 3. While the Charge contains relatively few factual allegations supporting an ADA retaliation theory, the Court cannot conclude such a claim falls outside the scope of the investigation reasonably expected to grow out of such allegations. A reasonable EEOC investigation into Plaintiff's allegations could naturally include the circumstances surrounding Plaintiff's workplace

complaints, Defendant's response to such complaints, and the reasons for Plaintiff's eventual termination. On this record, Defendant has not shown Plaintiff failed to exhaust his ADA retaliation claim.

This case is distinguishable from those in which courts have concluded a plaintiff failed to exhaust ADA claims because the EEOC Charge failed to allege disability discrimination altogether. *See, e.g.*, *Kerr v. Smokeball Inc.*, No. 24-CV-00722, 2025 WL 1872640, at *4 (W.D. Tex. May 13, 2025), *R. & R. adopted*, 2025 WL 1605034 (W.D. Tex. June 6, 2025) (concluding plaintiff failed to exhaust disability discrimination claims where the EEOC charge alleged only race discrimination and retaliation and contained no allegations of disability discrimination); *Brooks v. Firestone Polymers, LLC*, 70 F. Supp. 3d 816, 842 (E.D. Tex. 2014) (holding employee failed to exhaust his administrative remedies where EEOC charge alleged solely race discrimination and made no mention of disability), *aff'd*, 640 F. App'x 393 (5th Cir. 2016). Here, by contrast, Plaintiff alleged coworkers made comments concerning his disability and explicitly stated "I have also been retaliated against in violation of . . . the Americans with Disabilities Act." (Doc. 12-1 at 2–3). Construing the Charge with "utmost liberality," the Court concludes Defendant has not demonstrated Plaintiff failed to exhaust his ADA retaliation claim. *Price*, 687 F.2d at 78.

Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's ADA retaliation claim for failure to exhaust be **DENIED**. (Doc. 12).

### 3. Title VII Race Discrimination

Defendant also argues Plaintiff failed to exhaust his Title VII race discrimination claim because the Complaint includes allegations concerning disparate treatment, comparator evidence,

and disciplinary actions not specifically referenced in the Charge. (Doc. 12 at 8). The Court likewise rejects this argument.

Plaintiff's Charge expressly alleges he was subjected to a racial slur, coworkers continuously harassed him because of his race and color, management failed to respond after Plaintiff complained, and Defendant ultimately terminated his employment. (Doc. 12-1 at 2). Plaintiff further identified race and color discrimination as the bases for his Charge.

Although the Complaint contains additional factual allegations concerning comparator employees, disciplinary decisions, and Defendant's alleged reasons for terminating Plaintiff (*See* Doc. 1 at 8), those allegations merely provide additional detail concerning the same employment relationship, the same supervisors, the same period of employment, and the same termination described in the Charge. *See Rahman*, 1998 WL 355494, at *1 ("The claims brought in court need not mirror those in the plaintiff's EEOC complaint."). The court therefore concludes Plaintiff's Title VII discrimination claim falls comfortably within the scope of the administrative investigation that could reasonably be expected to grow out of the Charge.

Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Title VII discrimination claim for failure to exhaust be **DENIED**. (Doc. 12).

**4. ADA Discrimination**

Defendant similarly argues Plaintiff failed to exhaust his ADA discrimination claim because the Charge does not identify Plaintiff's disability, describe his alleged physical limitations, or reference the light duty allegations later asserted in his Complaint. (Doc. 12 at 9). The Court is not persuaded.

Plaintiff's Charge specifically alleges coworkers made comments concerning Plaintiff's disability, identifies disability discrimination under the ADA as one basis for the Charge, alleges

Plaintiff complained to management regarding workplace misconduct, and alleges Defendant later terminated his employment during the same period of disability-related harassment. (Doc. 12-1 at 2–3). Although the Complaint undoubtedly contains factual allegations not expressly included in the Charge, those additional allegations concern the same alleged disability-related workplace conduct identified in the administrative proceedings. *See Sanchez*, 431 F.2d at 465 ("[T]he specific words of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow."); *see also Dye v. IASIS Glenwood Reg'l Med. Ctr.*, No. CV 18-0981, 2018 WL 5660319, at *6 (W.D. La. Oct. 9, 2018), *R. & R. adopted*, 2018 WL 5660299 (W.D. La. Oct. 31, 2018) ("[A]n ADA suit containing allegations not included in an EEOC charge will not be dismissed as long as the allegations are related to or growing out of the allegations contained in the EEOC charge."). Construing the Charge liberally, the Court concludes an EEOC investigation would reasonably include whether Plaintiff experienced discrimination because of his alleged disability. Whether Plaintiff has sufficiently pleaded the substantive elements of an ADA discrimination claim presents a separate question addressed below.

Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's ADA discrimination claim for failure to exhaust be **DENIED**. (Doc. 12).

**5. Hostile Work Environment**

Lastly, Defendant argues Plaintiff failed to exhaust his hostile work environment claims because the Charge does not contain sufficient factual allegations to support hostile work environment claims under either Title VII or the ADA. (Doc. 12 at 10). The Court disagrees.

The Charge alleges Plaintiff was called the "N" word by a coworker; coworkers made comments regarding Plaintiff's disability, race, and color; Plaintiff complained to management

without corrective action being taken; and coworkers "continually harass[ed]" Plaintiff throughout his employment. (Doc. 12-1 at 2–3). The issue before the Court here is not whether those allegations are sufficient to state a plausible hostile work environment claim under Rule 12(b)(6). Rather, the Court must determine whether they are sufficient to place the EEOC on notice of, and reasonably prompt an investigation into, whether Plaintiff was subjected to a hostile work environment because of his race or disability. *See Pacheco*, 448 F.3d at 789. Construing the Charge liberally, the Court concludes they are. *See Sanchez*, 431 F.2d at 465; *Rahman*, 1998 WL 355494, at *1.

Although Plaintiff's Complaint expands upon the allegations contained in the Charge by providing additional factual detail concerning the alleged harassment, the hostile work environment claims asserted in this action do not exceed the scope of the EEOC investigation reasonably expected to arise from the Charge. Whether Plaintiff has plausibly alleged the substantive elements of those claims is a separate question addressed below. Defendant has therefore not shown Plaintiff failed to exhaust his hostile work environment claims.

Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's hostile work environment claim under Title VII and the ADA for failure to exhaust be **DENIED**. (Doc. 12).

**B. Statute of Limitations**

Defendant next argues Plaintiff failed to timely exhaust his administrative remedies because the racial slur described in the EEOC Charge allegedly occurred in February 2025, approximately one year before Plaintiff filed his EEOC Charge in February 2026. (Doc. 12 at 11). According to Defendant, any hostile work environment claim predicated upon that incident is therefore time barred. *Id.* The Court disagrees.

A plaintiff alleging discrimination must exhaust his administrative remedies before filing suit under Title VII. *See Castro v. Tex. Dep't of Criminal Justice*, 541 F. App'x 374, 379 (5th Cir. 2013) (citations omitted). This means plaintiffs are required to file a charge with the EEOC in which they provide sufficient notice of their claims against the defendant within 300 days after learning of the conduct alleged. *Newton v. Securitas Sec. Servs., USA, Inc.*, 250 F. App'x 18, 20 (5th Cir. 2007). In *Morgan*, the Supreme Court explained that in the context of a claim for a hostile work environment the Court must look at all the circumstances in deciding liability. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116–17 (2002). Further, it noted:

> A hostile work environment claim is composed of a series of separate acts that collectively constitute one "unlawful employment practice." The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

*Id.* In other words, "it matters not that some of the alleged harassment took place outside the filing period, so long as an act of harassment occurred during the filing period." *Equal Emp. Opportunity Comm'n v. Plains Pipeline, L.P.*, No. 20-CV-00082, 2021 WL 2786552, at *6 (W.D. Tex. Feb. 17, 2021). Under this framework, Defendant's request for the dismissal of Plaintiff's claims based on acts that occurred outside the limitations period is unavailing.

In this case, Defendant isolates the alleged February 2025 racial slur and argues any hostile work environment claim based upon that incident is untimely. (Doc. 12 at 11). Plaintiff's Charge and Complaint, however, does not allege the February 2025 incident constituted the

entirety of the alleged hostile work environment. Rather, Plaintiff alleges coworkers continued making comments concerning his race and disability throughout his employment, Defendant repeatedly failed to respond after Plaintiff complained, and coworkers "continuously harassed" him during his employment. (Docs. 1 at 5–8; 12-1 at 2–3). For purposes of Defendant's limitations argument, those allegations describe an alleged course of conduct extending beyond the February 2025 incident. *See id.* Thus, it is of no consequence at this stage that one alleged act of harassment occurred outside the filing period so long as Plaintiff has plausibly alleged that additional acts contributing to the alleged hostile work environment occurred within the filing period. *See Morgan*, 536 U.S. at 117. Whether those allegations are sufficient to plausibly state a hostile work environment claim under Rule 12(b)(6) presents a separate question addressed below. Defendant's limitations defense, however, does not warrant dismissal.

Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Title VII hostile work environment claim for failure to timely exhaust administrative remedies be **DENIED**. (Doc. 12).

### C. Failure to State a Claim

Defendant next argues, even assuming Plaintiff exhausted his administrative remedies, portions of the Complaint nevertheless fail to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. (Doc. 12 at 11–15). Specifically, Defendant contends Plaintiff fails to state (1) a claim for disability discrimination under the ADA because the Complaint does not adequately allege Plaintiff is disabled within the meaning of the statute, and (2) hostile work environment claims under either Title VII or the ADA because the Complaint fails to allege facts sufficient to support a hostile work environment claim. *Id.* at 12–14. The Court addresses each argument in turn.

### 1. ADA Discrimination

Defendant argues Plaintiff fails to state a claim for disability discrimination because the Complaint does not plausibly allege Plaintiff has a disability within the meaning of the ADA. (Doc. 12 at 12). According to Defendant, Plaintiff merely alleges in conclusory fashion he is disabled without identifying the nature of his alleged impairment, explaining how it substantially limits a major life activity, or demonstrating how Defendant regarded him as disabled. *Id.* The Court agrees.

Under the ADA, it is unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A claim of discrimination under the ADA requires a plaintiff to allege he: (1) has a disability or was regarded as disabled; (2) was qualified for the job; and (3) was subject to an adverse employment decision because of his disability. *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 248 (5th Cir. 2025) (citing *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017)). Thus, "[t]o plead a cause of action under the [ADA], a plaintiff must first plausibly allege he is disabled within the meaning of that Act." *Hughes v. Terminix Pest Control, Inc.*, No. 23-30617, 2024 WL 3440465, at *1 (5th Cir. July 17, 2024); *Tyler v. La-Z-Boy Corp.*, 506 F. App'x 265, 267 (5th Cir. 2013) ("As a threshold requirement in an ADA claim, the plaintiff must, of course, establish that he has a disability." (quoting *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 654 (5th Cir. 2003))). That requires alleging the plaintiff (1) has an impairment that substantially limits a major life activit[y], (2) has a record of such an impairment, or (3) is regarded as having an impairment whether or not the impairment limits or is perceived to limit a major life activity. 42 U.S.C. §

12102. Whether a plaintiff had a disability is assessed at "the time of the adverse employment action." *Dabbasi v. Motiva Enterprises, LLC*, 107 F.4th 500, 508 (5th Cir. 2024) (quoting *Jennings v. Towers Watson*, 11 F.4th 335, 344 (5th Cir. 2021)).

Here, Plaintiff repeatedly alleges he is disabled and coworkers made comments regarding his disability. (Doc. 1 at 5, 7, 10–11). Those allegations, however, are largely conclusory. The Complaint does not identify the nature of Plaintiff's alleged impairment, allege facts showing the impairment substantially limits a major life activity, or otherwise permit the Court to reasonably infer Plaintiff is disabled within the meaning of the ADA. *See id.* Nor does the Complaint contain sufficient factual allegations supporting a reasonable inference Defendant regarded Plaintiff as having such an impairment. *See St. v. Maverick Tube Corp.*, No. 15-CV-02736, 2016 WL 8711338, at *6 (S.D. Tex. June 17, 2016), *R. & R, adopted*, 2016 WL 3948106 (S.D. Tex. July 19, 2016) (recommending dismissal where the plaintiff failed to allege sufficient facts to show he had a disability within the meaning of the ADA); *Lockridge v. Dallas Cnty. Sch.*, No. 10-CV-1175, 2010 WL 5538436, at *4 (N.D. Tex. Dec. 8, 2010) (finding the plaintiff failed to plausibly allege a disability discrimination claim because she did not allege facts to show she suffered limitations with regard to a major life activity).

The Court recognizes Plaintiff's Response includes additional factual allegations concerning his alleged medical condition, Defendant's alleged knowledge of that condition, and Defendant's alleged disclosure of Plaintiff's medical information. (*See, e.g.*, Doc 13 at 4). Those allegations, however, do not appear in Plaintiff's Complaint presently before the Court. As courts have recognized, "[i]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) (citing *In re Baker Hughes Sec. Litig.*, 136 F. Supp. 2d 630,

646 (S.D. Tex. 2001)). Thus, the Court concludes Plaintiff has failed to plausibly allege an ADA discrimination claim.

Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's ADA disability discrimination claim (Doc. 12), and the claim be **DISMISSED WITHOUT PREJUDICE**.

**2. Hostile Work Environment**

Defendant also argues Plaintiff fails to state a hostile work environment claim under either Title VII or the ADA because the Complaint alleges only generalized workplace disputes and isolated incidents rather than harassment sufficiently severe or pervasive to alter the terms and conditions of employment. (Doc. 12 at 12–14). As presently drafted, Plaintiff's Complaint fails to state a hostile work environment claim.

To state a claim for hostile work environment under Title VII, Plaintiff must allege: "(1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the claimed harassment was based on the protected characteristic; (4) the claimed harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action." *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *see also Microsoft Corporation*, 2 F.4th 460, 470–71 (5th Cir. 2021) (applying same elements to ADA claims).

To be sufficiently severe or pervasive to alter the conditions of employment, the harassment complained of must be both objectively and subjectively offensive. *Hernandez v. Mapei Corporation*, No. 17-CV-3515, 2018 WL 4189710, at *2 (N.D. Tex., 2018). "[N]ot only must the victim perceive the environment as hostile, the conduct must also be such that a reasonable person would find it to be hostile or abusive." *EEOC v. WC&M Enter., Inc.*, 496 F.3d

393, 399 (5th Cir. 2007). The Court employs a totality of circumstances test to determine whether an environment is objectively offensive and considers the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with an employee's work performance. *Septimus v. Univ. of Houston*, 399 F.3d 601, 611 (5th Cir. 2005).

Here, the Court need not determine whether Plaintiff has adequately alleged every element of his hostile work environment claims because his Complaint fails to plausibly allege the fourth element—whether the harassment complained of was sufficiently severe or pervasive to alter the conditions of employment. *See Hernandez*, 670 F.3d at 651; *Mapei*, 2018 WL 4189710, at *2. Although Plaintiff alleges a coworker "had been using racial slurs in Plaintiff's presence," coworkers made comments concerning his race and disability, he reported the conduct to management, Defendant failed to respond adequately, and coworkers continued to harass him during his employment (Docs. 1 at 4–5, 7–9; 12-1 at 2–3), the Complaint provides relatively little factual detail concerning the alleged pattern of harassment and how it affected a term, condition, or privilege of his employment. With the exception of the alleged use of racial slurs, Plaintiff does not describe the content of the alleged comments, identify when they occurred, explain how frequently they occurred, or otherwise allege facts permitting the Court to reasonably infer the conduct was sufficiently severe or pervasive to alter the terms and conditions of his employment. *See Mapei*, 2018 WL 4189710, at *2 (dismissing a hostile work environment claim where the Plaintiff "failed to provide any details of harassment she allegedly endured, e.g., the identity of the alleged perpetrator(s), dates and places of occurrence, specific acts committed"); *see also Cheatam v. Blanda*, 2010 WL 2209207, at *2 (E.D. Tex. 2010) ("Use of the ["N" word] while highly objectionable, is insufficient to establish a Title VII hostile work

environment claim, especially when the comment was not directed toward plaintiff."). Instead, the Complaint repeatedly characterizes Defendant's conduct as "harassment" and a "hostile work environment" without supplying sufficient factual allegations supporting those legal conclusions. (Doc. 1 at 5–9).

Likewise, although Plaintiff alleges disability related harassment, the Complaint provides little factual detail concerning the nature, frequency, or circumstances of that alleged conduct. *See id.* Without additional factual allegations placing the alleged harassment in context, the Court cannot reasonably infer Plaintiff was subjected to actionable hostile work environment under either Title VII or the ADA. *See Mapei*, 2018 WL 4189710, at *2; *Fischer v. Donahoe*, No. 15-CV-0881, 2016 WL 1028127, at *4 (N.D. Tex. Mar. 15, 2016) (dismissing a hostile work environment claim where Plaintiff alleged in "conclusory terms" that she was the "victim of discriminatory harassment" "due to" her protected class).

The Court reemphasizes this conclusion is based upon the allegations presently contained in Plaintiff's Complaint—not the additional factual assertions contained in Plaintiff's Response. While Plaintiff's Response includes more detailed allegations concerning the alleged workplace conduct (*See* Doc. 13), a plaintiff may not amend his complaint through arguments raised in a response brief. *See In re Enron Corp.*, 761 F. Supp. 2d at 566. Thus, the Court concludes Plaintiff has failed to plausibly allege a hostile work environment claim under either Title VII or the ADA.

Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's hostile work environment claims under either Title VII and ADA (Doc. 12), and that those claim be **DISMISSED WITHOUT PREJUDICE**.

**D. Leave to Amend**

In his Response, Plaintiff requests, in the alternative, the Court grant him leave to amend his Complaint for the first time. (Doc. 13 at 8). Federal Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Rule 15(a) "favors granting leave to amend unless a substantial reason exists, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party, and futility of amendment.'" *Smith v. McDonough*, No. 22-CV-01383, 2023 WL 5918322, at *9 (W.D. Tex. Sept. 8, 2023) (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)). Although "leave to amend is by no means automatic," a court should "possess a 'substantial reason' to deny leave to file an amended complaint." *Lawton v. Osado Water Transfer Co.*, No. 15-CV-00189, 2016 WL 11586133, at *1 (W.D. Tex. Sept. 15, 2016) (citations omitted). Here, the Court finds leave to amend proper, as there is no evidence of undue delay, bad faith, and this will be Plaintiff's first amendment to his Complaint. Thus, the Court **RECOMMENDS** Plaintiff's request to amend his Complaint be **GRANTED**. (Doc. 13).

## IV. RECOMMENDATION

In accordance with the above discussion, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 12).

The Court **RECOMMENDS** that Defendant's Motion be **DENIED** to the extent it seeks dismissal of Plaintiff's Title VII retaliation claim, ADA retaliation claim, Title VII race discrimination claim, ADA discrimination claim, and hostile work environment claims for failure to exhaust administrative remedies. (Doc 12). The Court further **RECOMMENDS** that Defendant's Motion be **DENIED** insofar it seeks dismissal of Plaintiff's claims as untimely.

The undersigned further **RECOMMENDS** that Defendant's Motion be **GRANTED** to the extent it seeks dismissal of Plaintiff's ADA discrimination claim and Plaintiff's hostile work environment claims under Title VII and the ADA for failure to state a claim upon which relief may be granted. Those claims should be **DISMISSED WITHOUT PREJUDICE**. Finally, the Court **RECOMMENDS** Plaintiff's request to amend his Complaint be **GRANTED**. (Doc. 13). Should this Report and Recommendation be adopted, the Court **RECOMMENDS** Plaintiff be given **fourteen days** from the date of adoption to file an Amended Complaint.

SIGNED this 30th day of July, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).